UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Crystal Lynne Newsome, # 11955-171, | ) | **C/A No. 9:12-0215-MBS-BM** |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| ~~United States of America,~~ | ) | |
| Warden of FCI-Tallahassee, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

_____

Petitioner is a federal inmate at FCI-Tallahassee in Tallahassee, Florida, where she is serving sentences totalling eighty-one (81) months for drug and firearms offenses entered in *United States v. Crystal Lynn Newsome*, Criminal No. 1:06-CR-1000-MBS-14 (D.S.C.).[1] Petitioner entered a guilty plea to counts 2 and 3 of the second superseding indictment on May 1, 2007. On August 27, 2008, the Honorable Margaret B. Seymour, United States District Judge, sentenced Petitioner to twenty-one (21) months on Count 4 and to a consecutive sentence of sixty (60) months on Count 3. No appeal was filed in Criminal No. 1:06-CR-1000-MBS-14.

On June 28, 2011, in Criminal No. 1:06-CR-1000-MBS-14, Petitioner filed a motion to vacate sentence and amend judgment (ECF No. 1221). The United States filed a response to the motion on August 1, 2011 (ECF No. 1221) in Criminal No. 1:06-CR-1000-MBS-14. On

---

[1]In the pleadings in the above-captioned case, Petitioner spells her middle name as *Lynne*.



December 14, 2011, Judge Seymour entered the following docket text order in Criminal No.

1:06-CR-1000-MBS-14:

> This matter is before the court on motion of Defendant Crystal Lynn Newsome for a concurrent sentence (ECF No. 1221), which motion was filed June 28, 2011. The government filed a response on August 1, 2011. Defendant moves the court to run her federal sentence concurrently with her already-served state court incarceration. It appears that Defendant's remedy, if any, arises under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), or 28 U.S.C. § 2241. Therefore, Defendant must pursue her administrative remedies before applying to this court for relief. Accordingly, [Defendant's] motion is denied.

(ECF No. 1232 in Criminal No. 1:06-CR-1000-MBS-14).

The Section 2241 petition in the above-captioned case is the Section 2241 action by Petitioner to have her state and federal sentences run concurrently. Petitioner's exhibits indicate that she utilized the BOP Administrative Remedy Procedure. Petitioner's Warden initially denied the request on August 11, 2011, and the Regional Office denied the appeal on October 4, 2011. Petitioner then appealed to the BOP's Central Office on October 14, 2011 (ECF No. 1-4, at page 5). The BOP's Central Office received the appeal on October 24, 2011 (ECF No. 1-4, at page 6), and gave itself an extension of time to respond to the appeal (ECF No. 1-4, at page 7). In her memorandum (ECF No. 1-1, at page 4), Petitioner states that she has completed the Administrative Remedy process.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*



*Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  As Petitioner is a *pro se* litigant, her pleadings are also accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).

After careful review of the allegations presented, the undersigned concludes that transfer of this case to the Northern District of Florida is required.  A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973).  In *Norris v. State of Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana.  The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana.  *Norris v. State of Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973).  In affirming in part but reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'"  *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Warden of FCI-Tallahassee cannot be reached by service of process issued by the United States District Court for the District of South Carolina.  *Norris v. State of Georgia*, 522 F.2d at 1009 & n. 2.  Rather, the United States

3



District Court for the Northern District of Florida has personal jurisdiction over the Warden of FCI-Tallahassee.  28 U.S.C. § 89(a).

### *Recommendation*

Accordingly, it is recommended that the Court transfer the above-captioned case to the United States District Court for the Northern District of Florida.  *See, e.g., Warren v. Drew*, Civil Action No. 3:10-2087-MBS-JRM, 2010 WL 5804746, *2 (D.S.C. Nov. 30, 2010) (collecting cases), *adopted*, 2011 WL 573451 (D.S.C. Feb. 14, 2011).

Petitioner's attention is directed to the important notice on the next page.


January 27, 2012                         _____
Charleston, South Carolina               Bristow Marchant
                                         United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

