IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Crystal Lynne Newsome, ) | |
| ) | C/A No. 9:12-0215-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden of FCI-Tallahassee, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Crystal Lynne Newsome pleaded guilty on May 1, 2007 to knowingly carrying or possessing a firearm in relation to or in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 3), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 4). On August 27, 2008, Petitioner was sentenced to incarceration for a period of 81 months, consisting of 21 months as to Count 4 and 60 months as to Count 3, to be served consecutively. Petitioner currently is an inmate in custody of the Federal Bureau of Prisons (BOP) housed at FCI-Tallahasee in Tallahassee, Florida.

Petitioner, proceeding pro se, brought this action pursuant to 28 U.S.C. § 2241 on January 24, 2012, alleging that she has not received proper credit for time a state sentence was to run concurrently with her federal sentence. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. The Magistrate Judge reviewed the § 2241 petition pursuant to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and applicable precedents. The Magistrate Judge issued a Report and Recommendation on January 27, 2012, in which he noted that this court lacks personal jurisdiction over the Warden of FCI-Tallahassee. Accordingly, the

Magistrate Judge recommended that the matter be transferred to the United States District Court for the Northern District of Florida.

On February 10, 2012, Petitioner filed an "amended pleading" in which she states that she has been given credit for her state sentence with the exception of the period commencing May 22, 2008 and ending April 22, 2009. Petitioner seeks to have this eleven-month period of state custody credited to her federal sentence.[1] Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Although the court concurs with the Magistrate Judge's determination that the case should be transferred to the United States District Court for the Northern District of Florida, the court has made an inquiry through the United States Probation Office as to the calculations utilized to determine Petitioner's credit for her time in state custody. The court is informed that, of Petitioner's

---

[1] The court notes that the Designation and Sentence Computation Center of the BOP reviewed Petitioner's sentence pursuant to Barden v. Keohane, 921 F.2d 475 (3d Cir. 1990).

81-month total federal sentence, only the 21-month term for Count 4 was determined to run concurrently to the state sentence, because the 60-month term for Count 3 was to run consecutively to all other sentences. Petitioner was awarded credit by the BOP from March 11, 2006, to May 22, 2008 for time in state custody attributed to no other sentences. From May 23, 2008, to January 19, 2011, Petitioner was serving sentences of incarceration for state convictions. On January 21, 2011, she was transferred to federal custody. Petitioner was given credit for concurrent federal service during the last 21 months of her state custody sentences: from April 23, 2009, to January 19, 2011. Because of the mandatory consecutive 60-month sentence, she was not credited with any other time during which she was serving state sentences (May 23, 2008, to April 22, 2008), resulting in a projected release date of December 24, 2012.

The court has thoroughly reviewed the record. The Report and Recommendation is adopted and incorporated herein by reference. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is transferred to the United States District Court for the Northern District of Florida.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

May 17, 2012