**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CRYSTAL LYNNE NEWSOME,**

    Petitioner,

v.                                                       Case No. 4:12cv251-WS/CAS

**WARDEN OF FCI TALLAHASSEE,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DENY § 2241 PETITION**

On or about January 18, 2012, Petitioner Crystal Lynne Newsome, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with attachments, in the United States District Court for the District of South Carolina, seeking concurrent sentencing credit for her state and federal sentences. Doc. 1. On or about February 6, 2012, Petitioner submitted an "Amended Pleading," containing a "Supplemental Amended Allegation," in which she asserts she "was denied full credit for the time she served with the State of South Carolina." Doc. 11. In an order rendered May 17, 2012, the South Carolina federal court transferred the case to this Court. Doc. 13. On September 26, 2012, Respondent filed an answer, with attachments. Doc. 19. Petitioner has not filed a reply, although given the opportunity to do so. *See* Doc. 17.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

On May 1, 2007, in the United States District Court for the District of South Carolina, case number 1:06cr1000-MBS, Petitioner Newsome entered guilty pleas to two counts (Counts 3 and 4) charged in a second superseding federal indictment, and the remaining counts were dismissed.  Doc. 1, Attach. 2 at 1.  On August 27, 2008, the court sentenced her to eighty-one (81) months in prison, consisting of twenty-one (21) months on Count 4 and sixty (60) months on Count 3, to run consecutive, followed by five (5) years of supervised release.  *Id.* at 2-3.  At the time she filed this § 2241 petition, Newsome was incarcerated at the Federal Correctional Institution (FCI) in Tallahassee, Florida.  *See* Docs. 1, 11.  In the petition and as clarified in the "Amended Pleading," she seeks credit on her federal sentence for time she spent serving a South Carolina state sentence, specifically May 22, 2008, through April 22, 2009.  Doc. 1 at 6, Doc. 11 at 2.

Petitioner had filed an administrative remedy in August 2011, requesting recalculation of her federal sentence to include credit for time spent, from September 11, 2008, until December 1, 2010, serving her state sentence in South Carolina.  Doc. 1 Attach. 4 at 1. Her request was denied because "changes to sentence computations are

not authorized at the institutional level." *Id.* at 1. She appealed, and her appeal was denied on October 4, 2011, with the following explanation:

> This is in response to your Request for Administrative Remedy Appeal receipted August 22, 2011. You state you had already been sentenced on your federal charges and in custody upon receiving your state sentence. You allege your state sentence was to run concurrent to your federal sentence. As relief, you request jail credit time from September 11, 2008, to December 1, 2010.
>
> Our investigation revealed you were arrested on May 23, 2008, by state authorities in Aiken County, South Carolina, for Burglary and Grand Larceny, and remained in custody. On August 27, 2008, you were sentenced in the United States District Court of South Carolina to a term of 81 months; 21 months for Possession of a Firearm, Count 4, and 60 months for Use and Carrying a Firearm During and In Relation to and In Furtherance of a Drug Trafficking Crime, Count 3, to run consecutive to Count 4 for a total of 81 months. You were returned to state custody and sentenced on September 11, 2008, to a term of 5 years on each charge of Burglary and Grand Larceny. Your sentence began on September 19, 2008, and you were given credit starting from May 23, 2008, to the completion of your sentence on December 01, 2010. Upon completion of your 5 year sentence on December 1, 2010, you were arrested in Edgefield County, South Carolina, for Burglary, and sentenced on January 19, 2011, to a term of 10 years suspended to 49 days time served. You were remanded to federal custody on January 21, 2011, at which time your federal sentence began. A state sentence which is ordered to run concurrent with a federal sentence has no effect on the commencement of the federal sentence.
>
> Bureau of Prisons' Program Statement 5880.20, Sentence Computation Manual-CCCA, states "Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign.["] You were serving the state sentence from September 11, 2008, to December 1, 2010, therefore this period of time cannot be credit toward your federal sentence. In addition, a state sentence which is ordered to run concurrent with a federal sentence has no effect on the commencement of the federal sentence. You have been awarded all applicable jail credit; therefore, your sentence computation will remain as computed by the Designation and Sentence Computation Center.

*Id.* at 4.  Newsome appealed to the BOP's Central Office on October 14, 2011, and it was received there on October 24, 2011.  *Id.* at 5, 6.  On November 3, 2011, Newsome was informed that "additional time is needed to respond" to the appeal and a response was due December 23, 2011.  *Id.* at 7.  A handwritten note on this document indicates: 1/18/12 No Response for BP-11- Case/Unit Manager Mr. Horton said to proceed."  *Id.*

Newsome thereafter filed this § 2241 petition, on January 18, 2012, in the South Carolina federal court.  Doc. 1.  In her supporting memorandum, she indicates she "completed her Administrative Remedy process with the federal authorities."  Doc. 1 Attach. 1 at 4; *see* Doc. 9 at 2.  In her "Amended Pleading," she states:

> On February 12, 2012, Newsome was summoned to the unit and told she was being released because of given credit for the state sentence that she served.  Several hours later, after travel plans were issued, Newsome was informed her out date was December 12, 2012.

Doc. 11 at 2.  She asserts she "was denied full credit for the time served with the State of South Carolina," and specifically "[c]redit was denied for the dates of May 22, 2008 through April 22, 2009."  *Id.*

As indicated above, the South Carolina federal court transferred the case to this Court.  Doc. 13; *see* Doc. 9.  In the order directing the transfer, the United States District Court for the District of South Carolina also made the following findings:

> Although the court concurs with the Magistrate Judge's determination that the case should be transferred to the United States District Court for the Northern District of Florida, the court has made an inquiry through the United States Probation Office as to the calculations utilized to determine Petitioner's credit for her time in state custody.  The court is informed that, of Petitioner's 81-month total federal sentence, only the 21-month term for Count 4 was determined to run concurrently to the state sentence, because the 60-month term for Count 3 was to run

consecutively to all other sentences. Petitioner was awarded credit by the BOP from March 11, 2006, to May 22, 2008, for time in state custody attributed to no other sentences. From May 23, 2008, to January 19, 2011, Petitioner was serving sentences of incarceration for state convictions. On January 21, 2011, she was transferred to federal custody. Petitioner was given credit for concurrent federal service during the last 21 months of her state custody sentences: from April 23, 2009, to January 19, 2011. Because of the mandatory consecutive 60-month sentence, she was not credited with any other time during which she was serving state sentences (May 23, 2008, to April 22, 200[9]), resulting in a projected release date of December 24, 2012.

Doc. 13 at 2-3.

Respondent filed an answer, with attachments. Doc. 19. Respondent argues the § 2241 petition should be denied because Newsome has been given credit for all time served in state custody to the extent permitted by law. *Id.* at 2-3.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See*

Hayman, 342 U.S. at 212–14, 218; see also Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Newsome's § 2241 petition challenges the execution of her sentence, specifically the decision of the BOP on her administrative request for credit for time served on her state sentence in South Carolina.  The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute

sentence credit awards after sentencing.  18 U.S.C. §§ 3585(a), 3621(b); <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992); <u>Rodriguez v. Lamar</u>, 60 F.3d 745, 747 (11th Cir. 1995).  A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP.  18 U.S.C. § 3585(a).  Although the BOP must consider a prisoner's request for concurrent service of sentences, the BOP is not obligated to grant such a request as it falls within the BOP's discretion.  *See, e.g.,* <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3d Cir. 1990); <u>McCarthy v. Doe</u>, 146 F.3d 118, 122 (2d Cir. 1998); *see also, e.g.*, <u>Pritchett v. United States</u>, No. 3:10cv422-RV/CJK, 2012 WL 2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction. *See* <u>Rodriguez</u>, 60 F.3d at 747.  "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984)).  If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"  *Id.* (quoting <u>Chevron</u>, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion."  <u>Pritchett</u>, 2012 WL 2568094 at *3 (citing <u>Fagans v. United

States, 506 F.3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F.3d 83 (1st Cir. 2009); McCarthy, 146 F.3d at 123). As explained by the court in Pritchett:

> To guide the exercise of its discretion, the BOP promulgated Program Statement 5160.05 in January of 2003. The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal Sentence." PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

*Id.*

In this case, as explained by the South Carolina federal district court and Respondent, after Newsome filed her § 2241 petition, she was given all permissible credit for time served in state custody. See Doc. 13 at 2-3, Doc. 19 at 2-3. Specifically, as Respondent explains, the Designation and Sentence Computation Center of the United States Department of Justice Federal Bureau of Prisons (DSCC) granted Newsome's request, on February 6, 2012, for credit for time spent in state custody. Doc. 19 at 2; Doc. 19 Attach. 8.

Respondent attaches the Declaration of Helen Ramsdell, a Correctional Programs Specialist at DSCC, dated September 20, 2012.  Doc. 19 Attach. 1.  Ms. Ramsdell explains that Newsome's request for prior custody credit was considered by the BOP as a request for nunc pro tunc designation, and was reviewed in accordance with PS 5160.05, Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621(b).  *Id.* at 2.  Ms. Ramsdell further explains:

> 10.  Pursuant to PS 5160.05, an inmate may be designated to a state institution for service of a concurrent federal sentence when it is consistent with the intent of the sentencing court or goals of the criminal justice system. . . . Although the federal court did not order a concurrent sentence at the time of imposition, the DSCC solicited comments from the court during the review process.  Via correspondence dated January 18, 2012, the court stated it did not object to a retroactive designation of Newsome to her state institution for service of the federal sentence.  Attachment 7: January 18, 2012 letter from US District Court.
>
> . . . .
>
> 12.  Although Petitioner's request for her federal sentence to run concurrent with her state sentence was granted, only one of her federal convictions (Felon in Possession of a Firearm/21-month term [Count 4]) could be calculated to run concurrent.  Thus, her 81-month federal sentence now ran partially concurrent and partially consecutive to her state sentence.  Pursuant to Title 18 U.S.C. § 924(c)(1)(D)(ii), Newsome's 60-month term for Using & Carrying a Firearm and in Relation to & in Furtherance of a Drug Trafficking Crime [Count 3] must be served consecutive to any other term of imprisonment imposed.  Therefore, the 21-month portion of her federal sentence was calculated to run concurrent with her state sentence beginning on April 20, 2009.

*Id.* at 2-3; Doc. 19 Attach. 7.  Ms. Ramsdell further explains that Newsome was not given credit on her federal sentence for the time she served in state custody from May 23, 2008, through April 19, 2009, because that time was credited toward the service of the state sentences, and "[b]oth Program Statement 5880.28, Sentence Computation

Manual (CCA of 1984), and Title 18, United States Code, § 3585(b), preclude the application of prior custody credit for time spent serving another sentence." Doc. 19 Attach. 1 at 3.

Based on the foregoing, Petitioner Newsome has not shown the BOP abused its discretion in ruling on her request for nunc pro tunc designation and sentence credit. Notably, the Bureau of Prisons' website indicates Newsome was released on December 21, 2012. This § 2241 petition should be denied.

## Conclusion

For the reasons set forth above, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2015.

        S/   Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**